

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Wake Adkins
City Attorney
City of Fort Worth
1000 Throckmorton
Fort Worth, Texas    76102

Open Records Decision No. 338

Re: Availability of birth and death records held by local registrars

Dear Mr. Adkins:

You have requested our decision under the Open Records Act, article 6252-17a, V.T.C.S., as to the availability of birth and death records maintained by a city health department.

Section 3(a)(15) of the Open Records Act excepts from disclosure "birth and death records maintained by the Bureau of Vital Statistics in the State of Texas." In Attorney General Opinion H-115 (1973), this office said that this provision also acts to except such records when in the custody of a county clerk "to the extent that he maintains records of birth and death of the type maintained by the State Bureau of Vital Statistics." The opinion was based upon the following rationale:

> To hold otherwise would present the anomalous situation that the State Registrar of Vital Statistics could not produce a record but that a local registrar or a county clerk could.

In Open Records Decision No. 307 (1982), we held that article 6600, V.T.C.S., which directs a county clerk to furnish "attested copies whenever demanded of all papers recorded in his office," requires the conclusion that "birth and death records kept by a county clerk are not excepted from disclosure under any provision of the Open Records Act." Attorney General Opinion H-115 was overruled "to the extent of conflict." Since Open Records Decision No. 307 addressed only the question of birth and death records maintained by a county clerk, you ask whether the same result is applicable to such records in the custody of a city health department.

Although Open Records Decision No. 307 based its result on the mandate of a statute first enacted in 1836, the existence of that statute completely undermines the reasoning of Attorney General Opinion H-115. If birth and death records must be disclosed when in the custody of a county clerk, but are excepted when maintained by the

Bureau of Vital Statistics, the rationale of that opinion does not exist. When the legislature created the exception for state vital statistics information in section 3(a)(15), it must be presumed to have been aware that such records were disclosable when held at the county level. The only reasonable alternative to the reasoning of Attorney General Opinion H-115 is to conclude that, when the legislature enacted section 3(a)(15), it chose its language carefully and meant thereby to except only those birth and death records which are maintained by the Bureau of Vital Statistics. Such an interpretation, in addition, follows the well established rule of construction that every sentence, clause, phrase and word of a statute is presumed to have been used for a purpose, and accordingly, should be given effect, if reasonably possible. Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93, 96 (Tex. 1957). Had the legislature intended to except all vital statistics information, wherever maintained, it need not have appended to section 3(a)(15) the clause "maintained by the Bureau of Vital Statistics."

Moreover, rule 54a of article 4477, V.T.C.S., authorizes a local registrar who issues certified copies of death certificates to charge the same fees charged by a state registrar. This language, added in 1979, further indicates the legislature's intent that such records be available upon request from local registrars. Acts 1979, 66th Leg., ch. 543, §2, at 1135.

This result is not without precedent. In Open Records Decision No. 144 (1976), we noted that, although conviction information is readily available from court files, it need not be disclosed when in the custody of the Department of Public Safety, by virtue of section 3(a)(8) of the Open Records Act. We conclude that birth and death records maintained by a city health department are not excepted from disclosure under the Open Records Act. Attorney General Opinion H-115 is hereby overruled.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger